UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
PATRICIA L. DANTZLER on behalf of herself
and all others similarly situated

                Plaintiff,

                                      ECF CASE
      -against-                           08 CV 3610 (AKH)

CCB CREDIT SERVICES INC.

                Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Patricia L. Dantzler seeks redress for the illegal practices of CCB Credit Services Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to HSBC Bank.

4. Upon information and belief, defendant is a Illinois corporation with a principal place of business is located in Springfield, Illinois. It is an active foreign corporation in the State of New York.

1

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Patricia L. Dantzler*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly owed to HSBC Bank incurred for personal purposes dated July 2, 2007.

11. Said letter sets forth the balance owed as $933.07.

12. Said letter fails to include language stating that due to interest or other charges that the balance may increase.

13. Credit card balances due increase over time due to continued interest being applied.

14. Defendant sent an additional letter dated August 6, 2007 wherein the letter reflects the balance being $956.49.

15. Said balance is an increase over the balance as set forth in the prior initial letter dated July 2, 2007.

16. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) for engaging in deceptive practices and 1692g for failing to set forth the accurate balance of the alleged debt.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

17. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-16 as if set forth fully in this Cause of Action.

18. This cause of action is brought on behalf of plaintiff and the members of a class.

19. The Class consists of consumers who received the same form letter, as did the plaintiff.

20. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about July 2, 2007 concerning HSBC Bank; (b) the collection letter was sent to a consumer seeking payment of a personal debt for a credit card obligation; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(10) and 1692g.

21. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

3

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

22.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications

resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

25. The defendant's actions violate the Fair Debt Collection Practices Act.

26. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
    April 9, 2008

                                                            _____
                                                  Adam J. Fishbein, P.C.  (AF-9508)
                                                     Attorney At Law
                                             **Attorney for the Plaintiff**
                                                    483 Chestnut Street
                                             Cedarhurst, New York 11516
                                              Telephone (516) 791-4400
                                               Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.


                                            _____
                                              Adam J. Fishbein  (AF-9508)